[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10252
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00023-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFINO ROBELO-GALO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 25, 2013)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Rufino Robelo-Galo appeals his 354-month sentence, imposed after he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846 (Count 1), and one count of possessing a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 8).  The district court applied a four-level enhancement to Robelo-Galo's sentence under U.S.S.G. § 3B1.1(a) for acting as an organizer or leader of a criminal activity.  Robelo-Galo argues on appeal that the district court erred in applying the leadership role enhancement because the undisputed facts in the pre-sentence investigation report (PSI) do not demonstrate that he exercised decision-making authority over other co-conspirators, or that he claimed a right to a larger share of the fruits of the crime. Upon review of the record and consideration of the parties' briefs, we affirm.

"A defendant's role as an organizer or leader is a factual finding that we review for clear error to determine" whether the enhancement was properly applied.  *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005) (per curiam).  Where a fact pattern gives rise to two reasonable but different constructions, the district court's choice between them cannot be clearly erroneous. *See United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir.), *cert. denied*, 133 S. Ct. 629 (2012).  Moreover, a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes, and a district court may base its

2

findings of fact on these undisputed statements.  *See United States v. Bennett*, 472 F.3d 825, 832–834 (11th Cir. 2006) (per curiam).

Under the Guidelines, a defendant's offense level is increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(a).  The defendant must have acted as an organizer or leader "of one or more other participants" in order to qualify for the enhancement.  U.S.S.G. § 3B1.1 cmt. n.2. The commentary to § 3B1.1 sets forth the factors for the district court to consider "[i]n distinguishing a leadership and organizational role from one of mere management or supervision" as follows:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4.  The government must have proved the existence of a leadership role by a preponderance of the evidence.  *See United States v. Alred*, 144 F.3d 1405, 1421 (11th Cir. 1998).  However, we review the district court's application of the facts to the Guideline factors deferentially.  *See Ramirez*, 426 F.3d at 1355.

Here, the district court did not commit clear error by applying the leadership role enhancement to Robelo-Galo's Guideline calculation.  Robelo-Galo asserts

that none of the co-conspirators' statements or recorded calls indicated that he directed their activities or exerted control over other participants. He maintains that orchestrating drug shipments or acting as a supplier does not prove leadership, "and can just as easily indicate a subordinate role." Robelo-Galo further contends that, at most, he was a manager or supervisor of these activities, which does not support a four-level enhancement. Finally, with regard to claiming a greater share of the proceeds, Robelo-Galo emphasizes that none of the evidence shows that he had any personal stake in the money. We disagree.

The undisputed facts in the PSI, together with Robelo-Galo's own admissions, amply support the conclusion that Robelo-Galo substantially participated in the organization of methamphetamine shipments and deliveries. Robelo-Galo made weekly trips from South Carolina to Florida to deliver methamphetamine to Bussey, a large methamphetamine distributor. He wielded a sufficient degree of authority over at least seven other participants, specifically the couriers, by controlling their movements and paying them for their services. Robelo-Galo even recommended potential couriers to the organization.

Additionally, and by his own admission, Robelo-Galo directly supervised at least two of the participants, thus satisfying the adjustment qualification of acting as a leader over "one or more other participants" under U.S.S.G. § 3B1.1. Lastly, Robelo-Galo claimed the right to a larger share of the money derived from the

4

sales, and used other conspirators to shield him from potential detection.  Thus, Robelo-Galo has not met his burden of showing clear error in the district court's judgment.  Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**